IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:01-CR-231-D |
| VS. | § | |
| | § | |
| JAMES BARRY ROONEY, JR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant James Barry Rooney, Jr. ("Rooney") moves the court to modify the restitution requirement that is part of his sentence in order to give effect to a settlement reached with the victim of the offense. Despite the government's recommendation at sentencing and the court's indication at the sentencing hearing that such a resolution could be reached, the court denies the motion based on further developments in the law that establish that the court lacks the authority to grant this relief.

I

Rooney pleaded guilty to the offense of federal corruption, in violation of 18 U.S.C. § 215. The information charged Rooney with approving fraudulent loan applications in exchange for kickbacks, which caused substantial losses to his former employer, Compass Bank ("Compass"). In October 2001 the court sentenced Rooney to five years' probation (the government moved for a downward departure under the Sentencing Guidelines), and ordered him to make restitution in the total amount of $2,530,430, payable in monthly

installments.  In the period of more than 12 years since the court sentenced Rooney, he has paid approximately $132,000 towards the restitution.  But as of May 2, 2014, he still has an arrearage of almost $2.4 million.

Rooney moves the court to amend the judgment in this case to effect an agreement that he and Compass have reached to settle his restitution obligation for a lump sum payment of $70,000.  Although the government opposes the motion, this was not its position—or the court's—at the time the court sentenced Rooney in October 2001.

At sentencing, the court addressed Rooney's objection to the requirement that he make restitution, noting that the government's motion for downward departure would make Rooney eligible to receive a sentence of probation, but would not resolve his objection to the obligation that he make restitution.  Sent. Tr. 4.  The court stated as its "preliminary view" "that the guidelines are calculated correctly and that the relief — you would get where you want to get on the probation part through the downward departure, but you would not get where you might want to be on the restitution part."  *Id.*  The court noted that Rooney would be eligible for what the court considered to be a relatively modest monthly restitution payment, with a waiver of interest, but would still conclude the probationary period owing restitution that might or might not be written off.  *Id.*

Following the comments of Rooney's counsel regarding restitution, government counsel stated that, although he was uncertain regarding the law, if "the court ha[d] the authority to depart downward on restitution also," the government "would make that recommendation."  *Id.* at 6.  Government counsel contended that Rooney should not be

- 2 -

responsible for more than a mere fraction ($7,000) of the restitution that the court was

considering ordering paid, and it recommended that the court "fix restitution at $7,000." *Id.*

In response, the court concluded that it lacked authority to depart downward on restitution.

Rooney's counsel then asked the court whether the following was accurate:

> It's my understanding that an order of restitution is tantamount
> at the end of a criminal case to a civil judgment in favor of the
> victim.  And it would seem to follow that if Mr. Rooney could
> reach an agreement with the bank that's satisfactory to the bank
> and Mr. Rooney, that since that judgment would be in favor of
> the victim, the bank, that the bank would be — have the
> authority to release that judgment.

*Id.* at 7.  The court responded:

> My belief is that when the victim contends that restitution
> has been resolved that there is then a pleading that can be filed
> with the court that terminates the restitution obligation.
>
> Just as is similar to the payment of a fine, when it is
> ultimately paid, or something else, that the government then
> files a pleading that indicates that it['s] been resolved and is
> released, or in the case of a — a restitution order that is then
> prosecuted civilly, say after the end of probation, that the
> government then typically files a release indicating it has been
> resolved.
>
> I will state for the record, if it will help, that I would have
> no objection to the private parties['] resolving it afterward and
> then filing an appropriate document with the court.

*Id.* at 8 (bracketed material added).  After the court made the statement, and in response to

a question from the court, government counsel stated that the government would not oppose

such an arrangement.

The court must now decide as a threshold question whether it has the authority to grant the relief that Rooney seeks. Based on developments in the law since the court sentenced Rooney in October 2001, the court holds that it does not.

II

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, "requires a sentencing court to order restitution for a victim's 'actual loss directly and proximately caused by the defendant's offense of conviction.'" *United States v. McKenzie*, 550 Fed. Appx. 221, 225 (5th Cir. 2013) (per curiam) (quoting *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012)); 18 U.S.C. § 3663A. It "serves the dual purposes of ensuring 'that criminals pay full restitution to their victims for all damages caused as a result of the crime' and providing 'those who suffer the consequences of crime with some means of recouping the personal and financial losses.'" *United States v. Edward D. Jones & Co.*, 2011 WL 7025905, at *1 (E.D. Tex. Dec. 21, 2011) (citations omitted). Although restitution "resembles a judgment 'for the benefit of' a victim, it is penal, rather than compensatory" in nature. *United States v. Johnson*, 983 F.2d 216, 220 (11th Cir. 1993) (quoting *Kelly v. Robinson*, 479 U.S. 36, 52-53 (1986)). Thus "the Government's penal objectives in imposing and collecting restitution cannot be waived by the victim." *United States v. Ridgeway*, 489 F.3d 732, 737 (5th Cir. 2007).

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which

it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. . . . Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.

*Id.* at 737-38 (quoting *Kelly*, 479 U.S. at 52).

### III

Rooney contends that the court is authorized to amend his restitution obligation under 18 U.S.C. §§ 3664(k), 3563(c), and 3613(a).

### A

"Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule." *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014) (citing *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003)). "A restitution order, like the other components of a criminal sentence, is a final judgment, and it can be modified post-judgment only under limited circumstances." *Id.*

### B

Rooney argues that § 3664(k), which gives the court authority to adjust restitution schedules, authorizes the court to amend the restitution order in this case. Under § 3664(k), a defendant who is ordered by the district court to pay restitution may notify the court "of any material change in the defendant's economic circumstances that might affect the defendant's

ability to pay restitution," and "[u]pon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). This provision, however, "provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment." *United States v. Maestrelli*, 156 Fed. Appx. 144, 146 (11th Cir. 2005) (per curiam). The court is permitted only to "adjust the payment *schedule*" or "require immediate payment in full." 18 U.S.C. § 3664(k). Moreover, "the clear language of § 3664(k) allows a defendant to notify the court of any change in his economic circumstances *that might affect his ability to pay restitution.*" *Maestrelli*, 156 Fed. Appx. at 146 (citing 18 U.S.C. § 3664(k)). In other words, the statute permits the modification of a restitution order based on a change in a defendant's *ability* to pay, but not a change in his *obligation* to pay. *Id.*

C

Rooney next argues that this court has the authority to amend his restitution obligation under its authority to modify conditions of probation pursuant to 18 U.S.C. § 3563(c), which provides:

> The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

18 U.S.C. § 3563(c).  Section 3563(c), however, must be interpreted consistently with the

MVRA, which "set[s] up a specific and detailed scheme addressing the issuance and

modification of restitution orders arising out of criminal prosecutions."  *United States v.*

*Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014); *see also Fromm*, 2014 WL 2864710, at *2.  18

U.S.C. § 3664(o) provides:

> A sentence that imposes an order of restitution is a final
> judgment notwithstanding the fact that—
>> (1) such sentence can subsequently be—
>> (A) corrected under Rule 35 of the Federal Rules of Criminal
>> Procedure and section 3742 of chapter 235 of this title;
>> (B) appealed and modified under section 3742;
>> (C) amended under subsection (d)(5); or
>> (D) adjusted under section 3664(k), 3572, or 3613A; or
>> (2) the defendant may be resentenced under
>> section 3565 or 3614.

18 U.S.C. § 3664(o).  The court has already concluded that § 3664(k) does not authorize the

court to modify the restitution obligation to reflect the settlement agreement that Rooney and

Compass have reached.  And as in *Wyss*, Rooney offers no persuasive argument for

suggesting any of § 3664(o)'s other enumerated exceptions applies to his case.[*]

---

[*]The court in *Wyss* recently explained the enumerated exceptions set forth in §
3664(o) as follows:

> Section 3742 addresses sentencing appeals.  Section 3664(d)(5)
> addresses losses unascertainable at the time of sentencing.
> Section 3[66]4(k) addresses the manner in which restitution
> shall be paid.  Section 3572 addresses the imposition of a fine in
> relation to restitution.  Section 3613A addresses the effect of a
> default in restitution payments.   Section 3565 addresses
> revocation of probation.  And § 3614 addresses resentencing
> upon a failure to pay restitution.  [Finally,] Fed. R. Crim. P. 35

- 7 -

D

Finally, citing 18 U.S.C. § 3613(a), Rooney argues that restitution orders can be enforced like civil judgments. But this provision merely enables the United States to "enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). It does not grant the court the authority to modify or terminate a restitution obligation imposed as part of a criminal sentence.

E

Rooney also relies on the court's statements during the sentencing hearing indicating that Rooney could in fact obtain the relief he seeks, and that the court would not object if he and Compass resolved the restitution matter between themselves. He is correct regarding what the court said at sentencing. Indeed, the government—which now opposes his motion—stated that such relief, if awardable, was desirable. Even so, developments in the law since the time the sentiments were expressed confirm that Rooney cannot obtain the relief he seeks by the present motion. Compass is powerless to waive the restitution obligation that the court imposed as part of the sentence. *See Wyss*, 744 F.3d at 1218-20 (holding that 18 U.S.C. § 3563(c), which generally authorizes district court to modify

———————————————

. . . permits a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error."

*Wyss*, 744 F.3d at 1218 (citation omitted). Other than § 3664(k), Rooney does not argue that any of these exceptions applies in this case.

- 8 -

conditions of probation, did not authorize district court to modify order of restitution); *Ridgeway*, 489 F.3d at 737 ("[T]he Government's penal objectives in imposing and collecting restitution cannot be waived by the victim."); *Maestrelli*, 156 Fed. Appx. at 147 (holding that 18 U.S.C. § 3664(k) provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial settlement).

Because the court lacks the authority to grant the relief Rooney requests, the court must deny his motion to modify restitution order.

\*  \*  \*

Accordingly, for the foregoing reasons, Rooney's motion to modify restitution order is denied.

**SO ORDERED**.

August 6, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE